UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE ANDERSON,<br>　　　　Plaintiff,<br>　　v.<br>PHIL WILCOX,<br>　　　　Defendant. | Case No. 20-cv-01736-JCS (PR)<br><br>**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A** |

## INTRODUCTION

Plaintiff claims he has received constitutionally inadequate medical care at the Lake County Sheriff's Department. The 42 U.S.C. § 1983 complaint containing these claims has been reviewed in full by the Court under 28 U.S.C. § 1915A(a). Plaintiff has not stated any claim for relief. His allegations lack sufficient factual detail and will have to be dismissed if not amended.

Accordingly, plaintiff is directed to file an amended complaint to correct the insufficiencies described below on or before **August 31, 2020**. If plaintiff does not file an amended complaint by August 31, 2020, or if the amended complaint is inadequate, this suit will be reassigned to a district judge with a report and recommendation that the matter be dismissed.

Plaintiff has consented to magistrate judge jurisdiction. (Dkt. No. 6.)

## DISCUSSION

**A.  Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that he slipped in his cell on July 10 — plaintiff does not provide the year, but the Court will assume he means July 10, 2019. He further alleges Dr. Phil Wilcox, a physician at the Lake County Sheriff's Department, refuses to order an MRI for plaintiff or "fix the problem." (Compl., Dkt. No. 1 at 3.) However, plaintiff fails to state what the problem is. He provides no description of what his medical problem is, how he was injured (if at all), or why an MRI (or other treatment) is medically necessary. Without such information, the Court cannot determine whether a constitutional violation occurred or who is liable for any alleged violation. In his amended complaint, plaintiff must provide the specific factual information that is lacking in the current complaint.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429

U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *McGuckin*, 974 F.2d at 1060.

In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to plaintiff's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). A claim of mere negligence related to medical problems, or a difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. *Id.*

## CONCLUSION

**Plaintiff is directed to file an amended complaint on or before August 31, 2020.** The amended complaint must include the caption and civil case number used in this order (20-01736 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above and appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff

1  may not incorporate material from the prior complaint by reference.

2      If plaintiff does not file an amended complaint by August 31, 2020, or if the
3  amended complaint is inadequate, this suit will be reassigned to a district judge with a
4  report and recommendation that the matter be dismissed.

5      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
6  informed of any change of address by filing a separate paper with the clerk headed "Notice
7  of Change of Address." He must comply with the Court's orders in a timely fashion or ask
8  for an extension of time to do so. Failure to comply may result in the dismissal of this
9  action pursuant to Federal Rule of Civil Procedure 41(b).

10 **IT IS SO ORDERED.**

11 **Dated:** July 15, 2020

                                              JOSEPH C. SPERO
                                              Chief Magistrate Judge